F I L E D
United States Court of Appeals
Tenth Circuit

JUN 18 1997

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

RICHARD DON KURTZEBORN,
Personal Representative of the Estate
of Ruth K. Gilmore,

Plaintiff-Appellant,

v.

CITIZENS NATIONAL BANK,
RAWLEY J. DENT, individually;
JUDD DENT CHARTERED, a
professional association; WILLIAM J.
KELLY, JON R. VIETS, individually
and VIETS & GORMAN, a
partnership,

Defendants-Appellees.

No. 96-3212, 96-3222
(District of Kansas)
(D.C. No. 94-CV-1030)

ORDER AND JUDGMENT*

Before **LUCERO**, **McWILLIAMS,** and **MURPHY**, Circuit Judges.

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This is a diversity case. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and affirms. Richard Kurtzeborn, personal representative of Ruth Gilmore's estate, brought an action for breach of fiduciary duty and legal malpractice arising from probate proceedings relating to Ruth and her husband James' estates. Specifically, he claimed the defendants, three lawyers and the conservator bank, caused Ruth, who was incapacitated at the time of James' death, to lose her right to elect against James' will by failing to timely petition the probate court to appoint a commissioner; this commissioner's role would have been to pursue the election issue on Ruth's behalf, pursuant to Kan. Stat. Ann. § 59-2234.

Kurtzeborn, whose personal share of Ruth's estate would have increased if Ruth had elected against James' will,[1] eventually settled the case with the Gilmore family. Later, however, he claimed that the defendants' negligence compelled him to accept this settlement. He argued that there was ambiguity in Kansas law governing the appointment of a commissioner, and that the defendants' negligence, given this ambiguity, foreclosed the opportunity for appointment of a commissioner for Ruth or her estate to elect against James' will, forcing Kurtzeborn, as personal representative, to accept the settlement.

---

[1]Kurtzeborn was Ruth's nephew and a beneficiary under her will.

The United States District Court for the District of Kansas granted the defendants' motions for summary judgment, holding that the defendants did not cause any damage to Ruth's estate. Specifically, the court held under the unique facts of the case that Kan. Stat. Ann. §§ 59-2233 and 59-2234, as construed by Kansas courts, authorized the probate court to appoint a commissioner up until the time the parties terminated all litigation by execution of the family settlement. The district court concluded that any negligence or breach of fiduciary duty did not cause the failure to appoint a commissioner. The court stated,

> Any damage plaintiff has suffered was self-inflicted by entering into the family settlement agreement when the court had an obligation to appoint a commissioner. Kurtzeborn would have prevailed on the appointment of a commissioner regardless of any defendant's negligence. By settling the case, he deprived the [probate court] of the opportunity to correct the failure to appoint a commissioner. Seizing upon the claimed negligence of the defendants from whom he now seeks full recovery, Kurtzeborn sought to avoid the possibility that a commissioner would have been appointed, and found [it would not have been advantageous for Ruth's estate to have elected against James' will.] In other words, Kurtzeborn wants to have his cake and eat it too.

Mem. and Order at 11-12.

We review the summary judgment *de novo* and apply the same legal standard used by the district court under Fed. R. Civ. P. 56(c). *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). "Summary judgment is appropriate when there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law."

-3-

*Russillo v. Scarborough*, 935 F.2d 1167, 1170 (10th Cir. 1991). Accordingly, this court has reviewed the parties' briefs and contentions, has conducted a *de novo* review of the district court's opinion and the record on appeal, and finds no reversible error.

The appellant claims that the defendants' petition for appointment of a commissioner, filed three years after James' death and shortly before Ruth's death, was defective for two reasons: (1) it was not filed within six months after admission of James' will to probate; and (2) the proceedings pursuant to the petition were not completed during Ruth's lifetime. Each of these contentions is considered below.

First, with regard to the six-month issue, appellant is correct in pointing out that Kan. Stat. Ann. § 59-2233 establishes a six-month deadline for a person to elect against his or her deceased spouse's will, after which the person is deemed to have elected to take under the will. Kan. Stat. Ann. § 59-2234, however, sets out the procedures governing election against a spouse's will in cases involving incompetent persons. That statute contains no six-month deadline. Kan. Stat. Ann. § 59-2234. Furthermore, it does not set out a default mechanism as does section 59-2233. Instead, it states: "[I]t shall be the duty of the court" to appoint a commissioner on behalf of the incompetent person, and "the court shall make [an] election for [the incompetent] spouse . . . as is more valuable or

advantageous to the spouse." *Id.* Thus, under the plain language of the statutes, it is clear that the six-month, default system established for competent persons does not apply to incompetent persons, for whom a different system has been specifically established under Kansas law.

Second, with regard to the effect of Ruth's death prior to the completion of the election-related proceedings, the appellant contends for the general rule that a person's right to elect against a spouse's will terminates upon the former's death. *See Goehner v. Bond (In re Henderson Estate)*, 268 P.2d 941, 944-45 (Kan. 1954). Despite this general rule, the Kansas Supreme Court held in *Goehner* that the court properly exercised its equitable powers to complete the election-related proceedings on behalf of an incompetent person after death. *Goehner*, however, is distinguishable from the case at bar in that, as the court noted, the facts revealed "no hint or suggestion of undue delay on the part of anyone." *Id.* at 945. The election process in *Goehner* was not completed prior to the incompetent spouse's death because the "[p]arties to [the] litigation, and . . . the probate court, simply could not keep up with events as they transpired." *Id.* There is, consequently, some ambiguity whether the probate court in the instant case would have used its equitable powers to complete the election process after Ruth Gilmore's death, since considerable delay occurred. This court therefore does not concur with the district court's unqualified conclusion that "the request for

-5-

appointment of a commissioner would have been granted as a matter of law . . . but for the family settlement agreement." Mem. and Order at 8. That may well have been the result, but it is not free from doubt.

The fatal flaw in Kurtzeborn's lawsuit, however, is that his voluntary participation in the settlement precluded the state court from ever considering whether to exercise its equitable powers in completing the election process on Ruth's behalf. As Kurtzeborn himself argued in his brief,

> In many, if not most instances involving an alleged malpractice . . . , the underlying litigation has been terminated . . . . Where the termination is by settlement rather than by a dismissal or adverse judgment, malpractice by the attorney is more difficult to establish, but a cause of action can be made out if it is shown that assent by the client to the settlement was compelled because prior misfeasance or nonfeasance . . . *left no other recourse*.

Appellant's Br. at 27 (quoting *Becker v. Julien, Blitz & Schlesinger*, 406 N.Y.S.2d 412, 413-14 (Sup. Ct. 1977) (emphasis added), *modified on other grounds*, 411 N.Y.S.2d 17 (N.Y.App.Div. 1978)). In this case, Kurtzeborn's recourse, as personal representative of Ruth Gilmore's estate, was to allow the proceedings to continue in the probate court. If the probate court granted the request for the appointment of a commissioner, then the claimed damage would vanish. If the probate court denied the request for the appointment of a commissioner, then there would be no ambiguity as to the effect of defendants' alleged negligence, and this suit could proceed.

-6-

The appellant fails to articulate to this court how Ruth Gilmore's estate was compelled to settle and thereby cut short the proceedings in the probate court. He merely identifies an ambiguity in Kansas law; he does not show how that ambiguity, and the attendant risk of failure in the probate court proceedings which could have addressed the ambiguity, forced the Ruth Gilmore estate into settlement. In other words, Kurtzeborn fails to demonstrate how the estate gained something by the settlement which it would have lost if he had waited for the probate court to decide the election issue.

Kurtzeborn points out that under the settlement, Ruth's adopted children, who were not beneficiaries under Ruth's will, agreed to cease pursuing their statutory claims to Ruth's estate. This agreement, however, did not increase Ruth's estate but merely resolved who would receive it.[2] It cannot, therefore, provide a reason why Ruth's estate was compelled to accept the settlement. The settlement thus represents the voluntary, rather than the compelled, resolution of the estate. Since this voluntary settlement ended the proceedings in which the probate court was considering the petition to appoint a commissioner without a benefit to Ruth's estate, the defendants' alleged negligence did not cause the petition to fail.

---

[2]Namely, the beneficiaries under Ruth's will, which included Kurtzeborn.

This court therefore **AFFIRMS** the district court.

ENTERED FOR THE COURT,


Michael R. Murphy
Circuit Judge