## Richmond

Walter M. Katzenberger, Et Al. v. Stanley G. Bryan.

April 26, 1965.

Record No. 5936.

Present, Eggleston, C. J., and Buchanan, Snead, I'Anson, Carrico and Gordon, JJ.

*Walkley E. Johnson, Jr. (Baird, Crenshaw & Ware,* on brief), for the plaintiffs in error.

*Fred E. Martin* and *John F. Rixey* (*Fred E. Martin & Son; Rixey & Rixey,* on brief), for the defendant in error.

CARRICO, J., delivered the opinion of the court.

Walter M. Katzenberger and Ruth C. Katzenberger, the plaintiffs, filed a motion for judgment against Stanley G. Bryan, the defendant, seeking to recover damages in the sum of $17,000.00.

The motion for judgment alleged that the plaintiffs had employed the defendant, an attorney-at-law, to examine and certify to them the title to property which they had contracted to purchase; that the defendant reported to the plaintiffs that marketable title to the property was vested of record in William E. Parker and Jeanne C. Parker; that, relying upon the defendant's assurances and certification of title, the plaintiffs purchased the property from the Parkers and accepted a deed thereto; that, as a result of his negligence, the defendant failed to discover and report that the Parkers did not own that portion of the property which provided access to the residue, and that because they had paid for property to which they did not receive title and had expended money for improvements on the residue, to which they had no access, the plaintiffs were damaged.

The defendant filed a response admitting his employment as asserted by the plaintiffs but denying liability for the damages allegedly sustained by them.

The defendant also filed a plea of accord and satisfaction, alleging that the plaintiffs had instituted an action against the Parkers, the grantors in their deed, to recover damages for breach of warranty; that the Parkers had paid the plaintiffs $1500.00 in settlement and satisfaction of that claim; that the action against the Parkers had been dismissed "agreed", and that the settlement of the action against the Parkers constituted an accord and satisfaction of the claim against the defendant and was a bar to further proceedings in the action brought against him.

The trial court heard argument on the defendant's plea of accord and satisfaction, and dismissed the plea, over the objection and exception of the defendant.

At a pre-trial conference, the defendant again sought to have the trial court sustain his plea of accord and satisfaction but the court refused to do so. A jury trial was then held and the court excluded all testimony relating to the plaintiffs' settlement with the Parkers.

The jury returned a verdict in favor of the plaintiffs in the sum of $3750.00.

The defendant moved the court to set aside the verdict and award him a new trial on the ground that the verdict was contrary to the law and the evidence. The defendant also moved that his plea of accord and satisfaction be sustained.

The trial court set aside the verdict of the jury, sustained the plea of accord and satisfaction and awarded summary judgment in favor of the defendant. The plaintiffs were granted a writ of error to the final order embodying the court's action.

The evidence shows that the plaintiffs, on July 8, 1960, entered into a written agreement with the Parkers for the purchase, for $3000.00, of Lot 35 on the plat of Milburn Manor, located in Princess Anne County (now the City of Virginia Beach).

The only public road abutting the property was Davis Street, a dead-end street. Access to the street was available only over the westerly 25 feet of the lot. A drawing is attached to provide a better understanding of the physical layout of the property in dispute.

After the plaintiffs employed the defendant to examine the title to the property, he was informed by Mrs. Parker that she and her husband owned not only Lot 35, but also the easterly 25 feet of Lot 36. The defendant prepared a general warranty deed which was executed by the Parkers, conveying to the plaintiffs all of Lot 35 and the easterly 25 feet of Lot 36. The plaintiffs made settlement of their purchase and the defendant delivered the deed to them. No additional compensation was paid by the plaintiffs for the portion of Lot 36 which they received.

According to the plaintiffs' evidence, the defendant assured them that the title to the property was good. Relying on such assurance, the plaintiffs commenced erection of a dwelling on the rear of Lot 35. When the building was substantially completed, it was discovered that the westerly 25 feet of Lot 35 and the easterly 25 feet of Lot 36 were owned, not by the plaintiffs, but by one of their neighbors who owned the land adjoining Lots 35 and 36 on the north.

Lots 35 and 36 had previously been owned by May P. McDilda, a predecessor in title of the Parkers, the plaintiffs' grantors. In 1955, five years prior to the plaintiffs' purchase, Mrs. McDilda had conveyed the 25 foot strips of Lots 35 and 36 to the owner of the property adjoining the lots on the north. The defendant admitted that he failed to discover this conveyance in his title examination.

The plaintiffs attempted to purchase the property in dispute but were unsuccessful in their efforts. For access to their property, they

used the portion of the 25 foot strip of Lot 35 adjacent to Davis Street. However, Mr. Katzenberger, one of the plaintiffs, testified

that he had been told by the owner of the 25 foot strip that he was "to stop that, that my driveway was on his property."

The plaintiffs' evidence showed that the value of their property with the 25 foot strip of Lot 35 included was $13,400.00 but that its value without access to the street was only $6500.00. The plaintiffs also produced evidence tending to indicate that the value of the 25 foot strip, measured according to its relative value to the whole tract, was $350.00.

There is no question before us as to the negligence of the defendant in failing to discover and report that the Parkers did not own the westerly 25 feet of Lot 35. The only question presented is whether the trial court erred in sustaining the defendant's plea of accord and satisfaction.

■■ The plea of accord and satisfaction and the trial court's action with respect thereto were based upon the allegations of the motions for judgment filed in the two cases under consideration. In the motion for judgment filed against the Parkers, the plaintiffs alleged that they were damaged because they were "without legal title to a portion of the property purported to be conveyed" and were "without lawful means of ingress and egress" and were "in danger of being deprived of the use and enjoyment of the entire property."

In the motion for judgment which they filed against the defendant, the plaintiffs alleged that they were damaged because they were "caused to spend a large sum of money for property to which they did not receive legal title" and to expend "large sums of money in the erection of improvements on property to which they did not have lawful means of ingress and egress."

The plaintiffs contend that in their action against the Parkers, their recovery, had the case been tried, would have been limited to "the prorata portion of the purchase price attributable to the property in which title actually failed." The true measure of damages in such a case, the plaintiffs say, is as laid down in *Otey v. Oakey*, 157 Va. 314, 160 S. E. 8:

"If a title is found defective as to a part of the land, the vendee is entitled to damages for that part lost according to its relative value to the whole tract at the time of the conveyance. . . ." 157 Va., at p. 321.

The plaintiffs further say that they could not have recovered, in their *ex contractu* action against the Parkers, any damages for the diminution in value of the residue of the land occasioned by the loss of ingress and egress nor could they have recovered anything for the

resulting reduction in the value of the improvements which they placed on the land. These latter elements of damage, the plaintiffs asserted, were properly recoverable only in their tort action against the defendant.

Thus, the plaintiffs argue, their settlement with the Parkers for $1500.00 "was for items of damage decidedly distinct from those proved" against the defendant and such settlement did not bar them from pursuing their action against the defendant. The trial court was in error, therefore, say the plaintiffs, in sustaining the plea of accord and satisfaction.

The defendant, on the other hand, contends that because the plaintiffs alleged in their case against the Parkers that they were damaged by the loss of land and legal access to the residue of Lot 35, and settled their claim for those damages, they are estopped to deny that they had a claim against the Parkers for the damages occasioned by the diminution in value of the residue of the land. Such settlement, the defendant argues, bars the plaintiffs from seeking the same damages from him. It makes no difference, the defendant asserts, that the plaintiffs would have been limited, as they claim, in their recovery against the Parkers had that case been tried. Thus, the defendant says, the plea of accord and satisfaction was properly sustained.

The defendant places great reliance upon our decision in the case of *Shortt* v. *Hudson Supply, Etc., Co.,* 191 Va. 306, 60 S. E. 2d 900. There, Shortt brought an action for damages for personal injuries against Hudson and Morgan, the owner and operator, respectively, of a tractor-trailer truck which collided at a grade crossing with a passenger train of the Norfolk and Western Railway Company on which Shortt was employed as a fireman. Hudson and Morgan filed a special plea in bar, alleging that Shortt had executed a release or covenant not to sue in which he had compromised his claim for personal injuries by accepting from the railway company the sum of $3500.00.

Shortt argued that his settlement with the railway company did not bar his action against Hudson and Morgan because there was no showing that the railway company and the owner and the operator of the truck were joint tort-feasors.

Mr. Justice Eggleston, now Chief Justice, writing for the court, noted that it did not appear what was the nature of Shortt's claim against the railway company. The opinion states, however, that it was shown that Shortt's action against Hudson and Morgan and the

settlement which he made with the railway company arose out of the same collision. It was ruled that "having settled with the Railway Company" Shortt was "estopped to deny that he had no claim against it." 191 Va., at p. 310.

In sustaining the special plea, the court held that since Shortt "had but a single claim,—an indivisible cause of action for damages for his personal injuries arising out of the collision,—in determining whether he has received satisfaction therefor and has released one of those responsible for the damage, it is immaterial whether those guilty of the wrongdoing were, strictly speaking, joint tort-feasors." 191 Va., at p. 310.

The holding in the *Shortt* case is not binding here. Where Shortt "had but a single claim,—an indivisible cause of action for damages", the present plaintiffs had two separate and distinct causes of action— one in contract against the Parkers and the other in tort against the defendant.

The estoppel invoked against Shortt cannot be applied to the plaintiffs because of the crucial difference in the causes of action asserted in the plaintiffs' two cases. The plaintiffs do not deny, but admit, that they had a claim against the Parkers and that they settled it. They do deny, however, that the same claim was asserted against the defendant and that the Parkers were liable to them in damages to the same extent as the defendant. It is because of this, say the plaintiffs, that they made no accord and satisfaction of their cause of action against the defendant.

We agree with the plaintiffs that the settlement of their cause of action against the Parkers did not constitute an accord and satisfaction of their claim against the defendant.

"Accord is the agreement of one party to give or perform, and of the other to accept, instead of some claim, something different from what he is or considers himself entitled to; and satisfaction is the fulfillment, or carrying out, or execution of the agreement. The effect is to bar recovery on the original claim." Burks Pleading and Practice, 4th Ed., § 4, p. 4.

The plaintiffs, by their settlement, agreed only to give up their cause of action in contract against the Parkers. It may be assumed that the Parkers, in satisfying that cause of action, paid only for the damages for which they were properly liable in that case. The plaintiffs' acceptance of the settlement, in an amount less than they considered themselves entitled to in that action, can only have the effect of barring further recovery on that claim. Any other holding would

contort the doctrine of accord and satisfaction to an extreme which it has not previously reached.

The Parkers and the defendant were not joint tort-feasors, they were not in privity one with the other and they were not acting in concert in any manner. Their acts which gave rise to the claims against them were separate, different and distinct. If the plaintiffs were wronged, it was because the Parkers separately breached their covenant that they had the right to convey the land and because the defendant separately breached his duty to use due care in examining the title to the property. The Parkers were strangers to the wrong allegedly committed by the defendant and he a stranger to the wrong allegedly committed by them.

The defendant was not a party to the action against the Parkers. He was not bound by the covenant which formed the basis of that action. He did not participate in any negotiations leading to the settlement and he did not contribute to the amount which the Parkers paid to the plaintiffs. There was, in short, no accord between the plaintiffs and the Parkers with respect to the claim against the defendant upon which the latter was entitled to rely.

In so deciding, we do not overlook the rule, sometimes followed, that if a creditor accepts payment from a stranger in satisfaction of a debt or claim, the debtor may rely thereon in a subsequent action brought against him by the creditor. That rule is predicated upon the proposition that the debt or claim so satisfied is, in fact, the debt or claim owed by the debtor, that payment is made on his behalf and that he either authorizes or participates in the settlement or later ratifies it. These elements are not present in this case and the rule has no application here. 1 C. J. S., Accord and Satisfaction, § 12, p. 482.

We hold that the plea of accord and satisfaction was improperly sustained. That does not mean, however, that the verdict of the jury in favor of the plaintiffs must be reinstated.

■ While the plaintiffs, by settling their contract action against the Parkers were not barred from seeking further recovery in their tort action against the defendant, they were not entitled to secure a double recovery. While they had two separate causes of action and were entitled to seek compensation in each, they were, nonetheless, estopped from collecting the full amount in the second action if they were partially paid therefor in the first. These propositions are applicable to this case, not upon the doctrine of accord and satisfaction, but upon basic principles of fairness and justice.

As has been noted, it may be assumed that the Parkers did not pay

for an element of damage for which they were not liable. And it is true that instruction P-1, granted without objection in the trial of the plaintiffs' claim against the defendant and, therefore, the law of the case, limited the damages which could be assessed against the defendant to the diminution in market value of the residue of Lot 35.

But the plaintiffs alleged substantially the same elements of damages in their action against the Parkers and in their action against the defendant. And, it will be recalled, the plaintiffs' evidence tended to indicate that the value of the 25 foot strip of Lot 35, measured according to its value in relation to the whole tract, was only $350.00. And yet, the Parkers paid the plaintiffs $1500.00 in settlement of an action in which that same measure of value of the 25 foot strip of Lot 35 would have been the pivotal basis for the award of damages, had the case been tried.

Furthermore, Mr. Katzenberger, one of the plaintiffs, out of the hearing of the jury, was asked if, in the settlement with the Parkers, he had received payment "for the loss of [his] right of way in and out." He replied, "Yes, sir." He also said, however, that the settlement was "a very, very small portion" of his loss, that he did not know what the purpose of the settlement was, "they (the Parkers) were paying me", and that he had made the settlement on the advice of counsel. But the fact remains that this testimony indicates that there may have been included in the settlement some payment for the loss of the plaintiffs' "right of way in and out." It is that very loss which the plaintiffs now claim to have caused the diminution in value of the residue of their property, the full damages for which they charge to the defendant.

It thus appears that, in the satisfaction made by the Parkers and in the verdict rendered against the defendant, there may have been a duplication in the element of damages for diminution in the value of the residue of Lot 35. However, all evidence relating to the plaintiffs' settlement with the Parkers was excluded from the jury. That evidence should have been submitted to the jury so that, if it was shown that a portion of the settlement was applicable to the very same items of damages which the plaintiffs sought against the defendant, the plaintiffs' recovery could have been reduced by the extent of the duplication.

Since pertinent and proper evidence was withheld from the jury, its verdict was properly set aside and the trial court's action in that respect is affirmed. For the error in sustaining the plea of accord

and satisfaction and entering summary judgment in favor of the defendant, the judgment of the court is reversed. The case is remanded for a new trial in conformity with the views herein expressed.

*Affirmed in part; reversed in part, and remanded.*