# CIRCUIT COURT OF THE CITY OF NORFOLK

David Adelman et al.

v.

Michael A. Kernbach et al.

January 14, 2000

Case No. (Law) CL96-2317

BY JUDGE MARC JACOBSON

Plaintiffs filed a Motion for Judgment against certain Defendants including Defendant Michael A. Kernbach based on two counts of negligent legal representation. In Count I, Plaintiffs allege that Kernbach failed to properly investigate and to advise the Plaintiffs regarding the statute of limitations applicable to Plaintiffs' claim against the City of Portsmouth under the Fair Labor Standards Act (FLSA). Under FLSA, a claim must be brought within two years of the last pay period for which the claimant seeks reimbursement for a non-willful violation of FLSA. Plaintiffs contend that Kernbach failed to timely prosecute the Plaintiffs' FLSA claims against the City of Portsmouth, thus precluding Plaintiffs from presenting their viable federal claims. *Motion for Judgment* (hereinafter "Mot. for J.") ¶¶ 21-28. Plaintiffs previously nonsuited Count II.

In the course of deposing certain Plaintiffs, counsel for Kernbach requested that the deponents answer questions regarding:

the involvement of Attorneys Breit and Giordano in the Federal suit; any advice said attorneys may have given the Plaintiffs regarding pursuit of Kernbach for malpractice versus proceeding with their federal suit; and Plaintiffs' understanding, including any advice given, regarding the terms of the initial settlement and any further settlement completed with the City of Portsmouth.

*Memorandum in Support of Defendant's Motion to Compel* (hereinafter "Def. Memo") 1. On advice of counsel, the deponents refused to answer such questions, asserting that the information requested was privileged and, thus, not discoverable. Kernbach now moves this Court for the entry of an Order compelling the deposed Plaintiffs to provide full and accurate answers to such questions. Plaintiffs object to Kernbach's Motion to Compel and the parties have submitted briefs in support of their respective positions.

Rule 4:1 of the Virginia Rules of Court provides general provisions governing discovery and states, in pertinent part:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. . . . It is not ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

*Va. Sup. Ct. Rules*, Rule 4:1(a)(1). A party may apply for an order compelling discovery if a deponent fails to answer a question propounded during examination upon oral deposition. *Id.* at Rule 4:12(a)(2).

Kernbach contends that information regarding the involvement of attorneys Jeffrey A. Breit and Gregory A. Giordano in the settlement of Plaintiffs' FLSA claims is relevant to a number of issues in this case and, therefore, is discoverable. Kernbach argues, "[a]nalysis of whether Plaintiffs' settlement of the underlying suit precludes a malpractice action requires examination of whether independent counsel was consulted or retained during settlement." *Def. Memo*, 3. In support of his argument, Kernbach cites a number of cases in which courts of other jurisdictions have considered the advice of independent counsel in the settlement process an important consideration in deciding a subsequent action for legal malpractice. *Davenport v. Stone*, 528 So. 2d 45 (Fla. Dist. Ct. App. 1988); *Glenna v. Sullivan*, 245 N.W.2d 869 (Minn. 1976); *Douglas v. Parks*, 315 S.E.2d 84 (N.C. App. 1984); *Stone v. Kafer*, 1996 U.S. Dist. Lexis 10098 (E.D. N.C. 1996); and

*McCarthy v. Pedersen & Houpt*, 621 N.E.2d 97 (Ill. App. Ct. 1993). Kernbach states:

> In all of the above cited cases, the courts looked at whether the Plaintiff made a well-informed decision when electing to settle the underlying claim. Part of that analysis necessarily included whether the plaintiff had the advice of counsel in making that decision. In addition, it is important to understand the basis of the decision to settle. The settling party's subjective intent in settling the underlying case is important in assessing the validity of a subsequent claim for legal malpractice.

*Def. Memo*, 5.

While courts in several jurisdictions have considered whether settlement of the underlying lawsuit estops a Plaintiff from bringing a malpractice action against the attorney who represented the Plaintiff in the underlying suit, the issues and circumstances surrounding the cases relied upon by Kernbach differ significantly from those of the instant action. The courts' decisions in *Davenport*, *Glenna*, and *McCarthy* turned on the extent of the plaintiffs' involvement and participation in negotiating the settlement of the underlying suit and whether the plaintiffs were completely and accurately informed as to all of the salient factors involved in the decision to settle. Because the legal representation received by the *Davenport*, *Glenna*, and *McCarthy* plaintiffs in negotiating settlements of their respective lawsuits was at issue in those cases, it was logical, and indeed necessary, that the courts examine the extent to which the plaintiffs participated in such settlement negotiations and whether the plaintiffs had received advice from outside independent counsel. Where the courts found that the plaintiff had actively participated in the settlement negotiations and had knowledge of the salient facts or that the plaintiff had received the advice of independent counsel in settling the underlying suit, the plaintiff was estopped from asserting legal malpractice against the attorney who represented the plaintiff in the suit. *See Davenport*, 528 So. 2d at 45-46; *Glenna*, 245 N.W.2d at 872; and *McCarthy*, 621 N.E.2d at 101.

In the instant action, the sole theory of liability asserted by Plaintiffs rests on the alleged negligence of Kernbach in failing to timely prosecute the Plaintiffs' FLSA claims. Pursuant to Plaintiffs' nonsuit of Count II of their Motion for Judgment, Kernbach's actions in representing the Plaintiffs during settlement negotiations are not at issue in the instant case. Further, Kernbach does not contend that the Plaintiffs were knowledgeable of the salient facts regarding the applicable statute of limitations for FLSA claims or that they

received independent legal advice at the time of Kernbach's alleged negligence in failing to timely file the Plaintiffs' claims. Thus, it cannot be said that the information sought by Kernbach is relevant for the purpose of establishing an estoppel defense.

Kernbach also cites *Douglas v. Parks*, 314 S.E.2d 84 (N.C. App. 1984), and *Stone v. Kafer*, 1996 U.S. Dist. Lexis 10098 (E.D. N.C. 1996), for the proposition that the information sought is relevant to establishing a defense under the election of remedies doctrine. In both cases, the court dismissed plaintiff's claim of legal malpractice on the ground that acceptance of the underlying settlement constituted an election of remedies on the part of the plaintiff and barred recovery in a later action against the plaintiff's attorney. However, the Virginia Supreme Court has held that a plaintiff's acceptance of settlement in a suit does not necessarily have the effect of barring a subsequent legal malpractice claim against the attorney who represented the plaintiff in that suit. *See Hiss v. Friedberg*, 201 Va. 572, 112 S.E.2d 871 (1960); and *Katzenberger v. Bryan*, 206 Va. 78, 141 S.E.2d 671 (1965).

In *Katzenberger*, purchasers of real property sued the sellers for breach of warranty of title after discovering that a segment of the property conveyed was not owned by the sellers. *Katzenberger*, 206 Va. at 79, 141 S.E.2d at 672. After settling their claim against the sellers, the purchasers brought suit against the attorney who had certified incorrectly that the sellers were vested with good title to the property. *Id.* The defendant attorney argued that the settlement of the action against the sellers constituted an accord and satisfaction of the claim against the defendant and was a bar to further action against him. *Id.*

The *Katzenberger* Court held that settlement of the plaintiffs' claim against the seller did not bar the plaintiffs' malpractice claim against the defendant. *Id.* at 84, 141 S.E.2d at 675. The Court stated:

> The [sellers] and the defendant were not joint tortfeasors, they were not in privity one with the other and they were not acting in concert in any manner. Their acts, which gave rise to the claims against them, were separate, different and distinct. If the plaintiffs were wronged, it was because the [sellers] separately breached their covenant that they had the right to convey the land and because the defendant separately breached his duty to use due care in examining the title to the property. The [sellers] were strangers to the wrong allegedly committed by the defendant and he a stranger to the wrong allegedly committed by them.

*Id.* at 85, 141 S.E.2d at 676. In the instant action, the City of Portsmouth and Kernbach were not joint tortfeasors. If, *arguendo,* the present Plaintiffs were wronged, it was because the City of Portsmouth breached its duty to the Plaintiffs to act in accordance with FLSA mandates and because Kernbach, allegedly, separately breached his duty to act as would a reasonable attorney in failing to timely investigate and prosecute Plaintiffs' FLSA claims against the City of Portsmouth. Under these circumstances, Plaintiffs have not an indivisible cause of action, but two separate and distinct causes of action, one under FLSA against the City of Portsmouth and the other in tort against Kernbach. Thus, the information sought by Kernbach is not relevant to establish a defense under the election of remedies doctrine.

The Plaintiffs' underlying FLSA claims are subject to a rolling two-year statute of limitations where damages are limited to those suffered in the two years preceding the filing of the FLSA claims. Plaintiffs contend or allege that Kernbach's failure to timely file Plaintiffs' FLSA claims resulted in Plaintiffs' being denied recovery for damages suffered more than two years prior to Kernbach's eventual filing of the FLSA claims. *See Plaintiffs' Memorandum in Opposition to Defendant's Motion to Compel* (hereinafter "*Pl. Memo*"), 9. Thus, Plaintiffs argue:

> [T]he Plaintiffs could not have settled a claim which they were precluded from bringing because of the statute of limitations. . . . Therefore, the settlement of the FLSA claim was limited to the damages which were not precluded by the statute of limitations. Because the Plaintiffs now seek compensation only for damages which *were* precluded by the FLSA statute of limitations, there is no possibility of overlap, and no necessity to examine the circumstances of the settlement.

*Pl. Memo,* 9 (emphasis in original). Plaintiffs also note that attorneys Breit and Giordano did not become involved in Plaintiffs' FLSA claims until after Kernbach filed the FLSA claims on behalf of Plaintiffs. *Id.* at 10. Under such circumstances, it cannot be said that the information sought by Kernbach is relevant to Plaintiffs' theory of negligence in this case, namely, that Kernbach negligently delayed the filing of Plaintiffs' FLSA claims against the City of Portsmouth.

Kernbach contends that the "issues surrounding settlement of the underlying FLSA case, even if not a total bar to the current malpractice action, are at least crucial to establishing Kernbach's affirmative defenses of contributory negligence." *Def. Memo,* 6. The Virginia Supreme Court has held

that contributory negligence is available as a defense in a legal malpractice action. *Lyle, Siegel, Croshaw & Beale, P.C. v. Tidewater Capital Corp.*, 249 Va. 426, 432, 457 S.E.2d 28, 32 (1995). Thus, the defendant argues:

> The resulting injury in a legal malpractice case is the damage a Plaintiff suffered because of the attorney's negligence. In the instant case, Kernbach argues, among other things, that by accepting the settlement and refusing to go forward with the trial, Plaintiffs were contributorily negligent. Plaintiffs' failure to go forward with the trial and their acceptance of the settlement is an issue that goes directly to the issues of contributory negligence and proximate causation. The purpose of discovery is to flesh out the facts and reasons supporting each possible defense. Therefore, questions aimed at gaining information about the settlement and what advice Plaintiffs may have received from Breit and Giordano are relevant to Kernbach's defense.

Def. *Memo*, 6-7.

Under Plaintiffs' theory of negligence as set forth in Court I of their Motion for Judgment, Plaintiffs seek and, if Kernbach's negligence is proven, are entitled to only those damages suffered as a result of Kernbach's failure to timely file Plaintiffs' FLSA claims. As noted above, Kernbach does not assert that Plaintiffs were, or should have been, knowledgeable of the salient facts regarding the applicable statute of limitations for FLSA claims or that they received independent legal advice at the time of Kernbach's alleged negligence in failing to timely file Plaintiffs' claims. Under these circumstances, questions aimed at gaining information about the settlement and what advice Plaintiffs may have received from attorneys Breit and Giordano are not relevant to Kernbach's affirmative defense of contributory negligence. Thus, Kernbach has failed to demonstrate how the information he seeks is relevant to the predominant issue in this case, whether Kernbach negligently failed to timely prosecute Plaintiffs' FLSA claims.

The Virginia Supreme Court has held that confidential communications between attorney and client made in the course of that relationship and concerning the subject matter of the attorney's employment are privileged from disclosure, even for the purpose of administering justice. *Commonwealth v. Edwards*, 235 Va. 499, 508-09, 370 S.E.2d 296, 301 (1988). Under the circumstances of the instant action, Plaintiffs have demonstrated that any communications between Plaintiffs and attorneys Breit and Giordano regarding the settlement of the underlying FLSA claims are privileged, that the

contents of any such communications are not at issue in this case, and that the privilege, thus, has not been waived.

The Motion to Compel is denied.