## CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Genito Glenn, L.P.

v.

Acordia of Virginia
Insurance Agency, Inc.,
t/a Acordia of Virginia

May 10, 2002

Case No. (Law) CL99-2922

BY JUDGE H. THOMAS PADRICK, JR.

This case is before the Court pursuit to the opinion of the Virginia Supreme Court dated March 1, 2002 (the Opinion),[1] in which it directed this trial Court to consider the application of Virginia Code § 8.01-35.1 as to its relationship between the jury verdict of $1,825,136.54 in this case and the previous amount received by the Plaintiff, Genito Glenn, in an earlier action filed in this Court styled, Genito Glenn, L.P. v. National Housing Building Corporation et al., Law No. CL98-2847 (the NHBC case). The NHBC suit named as Defendants the project's various contractors, subcontractors, engineers, and material suppliers. This trial Court had previously failed to consider § 8.01-35.1 in the post trial motions in this case, while erroneously finding that the collateral source rule applied.

The Court held hearings on the issues remanded by the Supreme Court, and the matter has been briefed by counsel.

The cases allege two separate and distinct torts committed against Genito. The NHBC suit was for the recovery of damages Genito sustained when one of its apartment complexes suffered extensive structural damage due

---

[1] Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P., 263 Va. 377, 560 S.E.2d 246 (2002). [Reporter's Note]

to the use of defective materials, Extrafil. The end result was that a large portion of the complex was torn down or extensively repaired, due to the alleged defective materials utilized.

The NHBC case was settled on the eve of the trial in a confidential settlement which was, at the request of the parties, sealed by the Court. The NHBC suit was litigated extensively by large numbers of attorneys and contained numerous causes of action.

The Court had, prior to the settlement, issued an opinion[2] as to certain demurrers and dismissed significant numbers of the causes of action. The opinion letter, dated May 14, 1999, is made a part hereof and incorporated by reference.

The suit against Acordia (Acordia suit) followed the NHBC suit. When the aforesaid construction problems surfaced, Genito determined that it did not have insurance coverage for its potential losses, as Acordia had failed to include Genito as a named insured on a builders risk insurance policy.

Genito was forced to prosecute its claim for damages against the myriad of defendants in the NHBC suit, as well as advance significant funds to correct the problems contained in the construction project. If Acordia had not committed negligence in failing to acquire the requested and paid for builders risk policy, the NHBC suit would not have existed. Due to the negligence of Acordia, the risk of loss was shifted from an insurance company, Security Insurance Company of Hartford, to Genito.

Prior to 1979, Virginia followed the strict common law rule that the release of one joint tortfeasor released all joint tortfeasors. *Wright v. Orlowski*, 218 Va. 115, 120, 235 S.E.2d 349 (1977). In 1979 the Virginia General Assembly enacted Code § 8.01-35.1 to change and modify this strict common law rule. *Bartholomew v. Bartholomew*, 233 Va. 86, 87, 353 S.E.2d 752 (1987). The purpose of this statute was the belief that the General Assembly intended to change a rule of law that tended to reward a recalcitrant tortfeasor at the expense of a joint tortfeasor who was willing to settle out of court. *Hayman v. Patio Products, Inc.*, 226 Va. 482, 487, 311 S.E.2d 752 (1984).

It is clear that Acordia is not in any way a joint tortfeasor with any of the tortfeasors in the NHBC case. *Carlton v. Boudar*, 118 Va. 521, 528-29, 88 S.E. 174 (1916); *Lavenstein v. Maile*, 146 Va. 789, 795 (1926); *Strickland v. Donn*, 219 Va. 76, 78-79 (1978). Acordia's tort was committed prior to the torts of the NHBC Defendants. Acordia's tort is separate and distinct from that of the NHBC Defendants.

---

[2] Genito Glenn, L.P. v. National Housing Building Corp., 50 Va. Cir. 71 (1999). [Reporter's Note]

Code § 8.01-35.1 expressly provides that in determining the amount for which judgment shall be entered against a defendant at trial, any amount recovered shall be reduced by the amount of the consideration paid in settlement with other tortfeasors. The settlement credit mandated by § 8.01-35.1 requires that such persons be joint tortfeasors mutually liable for the same injury. *Fairfax Hosp. System v. Nevitt*, 249 Va. 591, 598-99, 457 S.E.2d 10 (1995). The analysis in this case is distinguishable from those acts articulated in the vicarious liability acquired by employers, masters, and principals. *Thornton Metals & Supply Co. v. Taylor*, 230 Va. 475, 483, 339 S.E.2d 538 (1986). The torts of Acordia and the NHBC Defendants are strangers to one another.

The amount of the NHBC settlement was sealed by Court order. The sum sought by Genito in the Acordia suit was a liquidated amount of $3,940,642.30. This sum incorporated "remediation" damages including tearing down five buildings, removing fly ash from underneath, replacing the fly ash with new structural fill, rebuilding the slabs and footings, and reconstructing the five buildings. Also included in its damages were liquidated amounts for attorney's fees, license fees, policy premiums for insurance that it did not receive from Acordia, tax credits, and additional interest.

The jury rendered its verdict for substantially less than the requested $3,940,642.30, and set the amount at $1,825,136.54, with interest beginning August 31, 1998, until paid. This Court has searched throughout the record, without success, and is unable to determine a mathematical formula as to what damages the jury accepted, or what damages it rejected. This Court felt then, as it does now, that Genito was being made "whole" with the combination of the Acordia verdict and the NHBC settlement amount. There is no windfall to Genito. (February 16, 2000, Transcript ¶¶ 16-17.) The windfall would shift to Acordia, a tortfeasor, if the Court accepted Acordia's interpretation of § 8.01-35.1.

In response to the Supreme Court's mandate, this Court has applied § 8.01-35.1. The Court has identified the amount of consideration paid by the joint tortfeasors in the NHBC suit, as it is outlined in the settlement agreement sealed within the Court's file. The damages sought in the NHBC suit and the Acordia suit are similar and, in many ways, identical. The Court, however, cannot ascertain what the jury accepted or what it rejected in rendering its verdict in the Acordia suit.

Acordia cites and alleges that *Katzenberger v. Bryan*, 206 Va. 78, 141 S.E.2d 671 (1965), prevents Genito from obtaining a "double recovery." In that case, Katzenberger had two claims: one against "the Parkers," and one against attorney Stanley Bryan. They were not joint tortfeasors; they were not

in privity with each other; their acts were different, separate, and distinct; the Parkers sold Katzenberger property they did not own, and Bryan failed to discover it in a title examination.

> While the Plaintiffs by settling their contract action against the Parkers were not barred from seeking further recovery in their tort action against the Defendant, they were not entitled to secure a double recovery. While they are entitled to seek compensation in each, they were nonetheless estopped from collecting the full amount in the second action if they were partially paid for the first. These propositions are applicable to this case, not upon the doctrine of accord and satisfaction, but upon the basic principles of *fairness and justice*.

*Id*. at 85 (emphasis added).

If the Court was to accept Acordia's position, it would be totally contrary to fairness or justice.

One of the well settled principles of law is that compromise and settlement of disputed claims is favored by the courts. *Snider-Falkinham v. Stockburger*, 249 Va. 376, 381 (1995). The result requested by Acordia would result in the exact opposite effect.

Acordia has advocated that it is entitled to a credit of $1,550,167.54. It concludes that Genito is only entitled to receive its attorney's fees of $258,000.00, its license fees of $9,718.00, and its insurance policy premium refund of $7,251.00. In its analysis, Acordia has totally excluded the alleged remediation amount, the tax credits, and interest. This Court declines to accept Acordia's formula and analysis.

Acordia has failed to show it is due a credit for any sums included in the NHBC settlement. They were unable to show which elements of NHBC damages were included by the jury in rendering its verdict. This, as the Court has previously stated, is an impossible task, without invading the privacy of the jury room.

Acordia's position also does not apply as the parties are not joint tortfeasors, but could be loosely defined as successive tortfeasors. Their torts are separate and distinct and their damages, albeit similar, cannot be ascertained within a degree of certainty as being the same damages.

An insurance agency, acting for an insurance company, should not be rewarded in this unique set of circumstances for its separate and distinct tort. If Acordia had completed and done what it was supposed to do, it would have had a $5,000,000.00 builder's risk policy in place. Genito Glenn would have

simply contacted its agent, Acordia, which in turn would have contacted its principal, Security Insurance Company of Hartford, and the terms and conditions of the builders risk policy would have been in place. The insurance company would have covered the losses sustained, minus the tax credits, attorney's fees, and certain interest charges. The insurance company would have remediated the buildings and covered the loss. In addition, it could have subrogated its claim and sought similar damages from some of the parties in the NHBC suit. Instead, Genito was forced to borrow over $3,000.000.00 and have its officers and directors and employees, as well as attorneys involved in significant and costly litigation, taking them away from their business of constructing apartment buildings, facing an uncertain and costly legal path.

Genito compromised its claim in the NHBC case. It sought liquidated damages from a jury for sums which were due from Acordia and received significantly less than it requested in its suit. Acordia failed in its burden to prove it is entitled to contribution.

And finally, the Supreme Court in its decision of March 1, 2002, in Footnote Number Five directed this Court as follows: "In making the determinations required by Code Section 8.01-35.1, the trial Court must also consider Genito's argument that none of the parties contributing to the settlement of the NHBC case were liable in the tort to Genito."

A careful reading of this Court's decision on May 14, 1999, reveals that all of Genito's tort claims against the settling "tortfeasors" were dismissed or otherwise abandoned in the NHBC suit, but cross-claims and other claims remained. The settling NHBC Defendants, however, did pay the sums of money directly to Genito to settle the suit. The Court has considered, but does not accept, Genito's argument that none of the NHBC parties were liable in the tort to Genito.

In short, this Court has considered the fact and amount of the NHBC settlement and has considered the amount of judgment to be entered against Acordia in applying § 8.01-35.1. The Court finds that Acordia is not entitled to any credit of the original jury verdict and judgment.

In the event another appeal is sought in the Virginia Supreme Court, as this Court anticipates, no further bond will be required, as long as the original bond is valid.