# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Devereux et al.

v.

Commonwealth
Land Title Ins. Co.

October 1, 2007

Case No. CL07002155

BY JUDGE ALFRED D. SWERSKY

This matter is before the Court on Plaintiffs' motion in limine to establish that the date of Plaintiffs' loss, if any, is the date when Plaintiffs actually discovered the alleged defect in their title. Defendant argues, in the alternative, that the motion is premature or, if appropriate for decision, that the proper date to measure Plaintiffs' loss is the date of the purchase of the property. Defendant relies primarily on *Title Ins. Co. of Richmond v. Industrial Bank of Richmond*, 156 Va. 322, 157 S.E. 710 (1931). Plaintiffs argue that the *Industrial Bank* case is distinguishable on its facts. For reasons that follow, it will be ordered that the damages in this case shall be measured from the date of the purchase of the property.

The ruling on this motion at this stage of the proceedings is appropriate because it is a matter of law for the Court to decide, and a ruling now will have the salutary effect of preventing unnecessary discovery and expense to the parties, as well as serve judicial economy.

*Industrial Bank* stands for the proposition that the insurer's liability becomes fixed at the time the insured purchased the property. The Court said, "The insurer's liability became fixed when the insured, relying on the policy made a bid at the first foreclosure and failed to receive the subject matter of its purchase unimpaired by the street assessments." *Id.*, 156 Va. 322, 335, 157 S.E. 710 (1931).

Plaintiffs argue that this case is distinguishable because the policy in question in *Industrial Bank* was a "lender's" policy and here we are dealing with an "owner's" policy. This argument was raised in *Industrial Bank* and rejected based upon the trial judge's written opinion. Hence, this difference, lender's versus owner's policy, does not distinguish this case from *Industrial Bank*.

Plaintiffs also argue that the modification to their policy adding a Residential Inflation Endorsement, whereby the amount of coverage available increases year-by-year to a maximum of 150% of the original policy amount, reflects the insurance company's recognition that a later date for measuring damages is within the contemplation of the parties to the contract of insurance. Defendant argues that the purpose of the inflation endorsement is to cover latent defects that affect the value of the estate as of the date the latent defect is discovered. Neither of these arguments finds support in the language of the policy. There is no specific provision in the policy fixing the date of loss nor is there language to suggest that the inflation endorsement is designed to cover only latent defects.

The measure of damages for this claim against the insurer would be the same as if Plaintiffs were proceeding against the seller of the property and that would be the difference in the value of the property without the defect and the value as impaired at the time of purchase. See, *Otey v. Oakey*, 157 Va. 314, 160 S.E. 8 (1931). See also, *Bluff Ventures, L.P. v. Chicago Title Ins. Co.*, 950 F.2d 139 (4th Cir. 1991).

For these reasons the loss, if any, to Plaintiffs will be measured from the date of Plaintiffs' purchase of the property and the title insurance policy.