# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Heather D. Long,
s/k/a/ Heather D. Lutz

v.

Branch Banking & Trust Co.

v.

Stephen M. Long

July 12, 2010

Case No. CL08-372

BY JUDGE EDWARD L. HOGSHIRE

In this civil action, the Defendant filed a Plea in Bar alleging that Plaintiff's claim is barred by the doctrines of double recovery, collateral estoppel, or both. The Court, having considered the arguments of counsel and the briefs filed with regard to the Plea in Bar, will deny Defendants' Plea in Bar for the reasons set forth herein.

*Statement of the Case*

On December 29, 2008, Plaintiff Heather D. Long, s/k/a Heather D. Lutz ("Lutz") filed an action for conversion by Defendant Branch Banking & Trust Company ("BB&T") of certain checks made payable to her as a joint payee. BB&T then filed a Third-Party Complaint against Stephen M.

Long, Lutz's ex-husband, demanding judgment in the amounts to which BB&T may be liable to Plaintiff.

BB&T subsequently filed a Plea in Bar to Lutz's complaint, asserting double recovery and issue preclusion or estoppel. Long's Answer to BB&T's Third-Party Complaint likewise asserts issue preclusion as an affirmative defense and complete bar to recovery. Argument was heard on BB&T's and Long's joint pleas in bar on July 7, 2010.

## Statement of Facts

The facts are derived from the pleadings and exhibits and appear to be uncontested as to the issues presented by the Plea in Bar.

This case involves a claim by Lutz for nine checks made payable to her and her ex-husband, Third-Party Defendant Long, arising out of the poultry farm business owned and operated by them while they were married. (Compl. ¶ 3.) Lutz claims in this action that BB&T wrongfully converted checks made payable to her and Long, as joint payees, by Virginia Poultry Growers Cooperative, Inc. ("VPGC") in 2006 and 2007. (Compl. ¶ 5.) Lutz alleges that BB&T permitted Long to negotiate these checks without her endorsement or with forged endorsement. (Compl. ¶ 10.)

On September 19, 2008, Lutz and Long were divorced, after an equitable distribution hearing and by final decree entered by the Honorable Dennis L. Hupp, Circuit Court for Shenandoah County. (Letter Opinion, Sept. 19, 2008, BB&T Br. Supp. Plea in Bar, Ex. 3.) (Hereinafter "Letter Opinion.) Judge Hupp issued a written opinion setting forth the basis for his decision in the equitable distribution of marital property and joint debt of Lutz and Long. (*Id.*) As poultry farmers, Long and Lutz incurred debt known as the Valley Farm Credit ("VFC"), in which they were jointly and severally liable. (*Id.* at 5; Compl. ¶ 4.) At issue in the trial was an accounting of the checks negotiated by Long and currently at issue in this action. (Letter Opinion 6.) In his ruling, Judge Hupp noted that there was no clear accounting of the checks and apportioned seventy-five percent of the marital debt on the VFC loans to Long, with twenty-five percent apportioned to Lutz. (*Id.*)

## Analysis

In its Plea in Bar, BB&T alleges that Lutz is barred from recovery by two distinct, but related, doctrines: double recovery and issue

preclusion or collateral estoppel. (BB&T Br. 3.) Essentially, BB&T argues that Lutz made her claim against and obtained recovery from Long for the same checks at issue in this action, the checks which BB&T now seeks to recover from Long as the Third-Party Defendant; therefore, Lutz may not recover damages in this second action because she obtained recovery in the first. (*Id.* at 6.) Likewise, BB&T argues that Lutz received adjudicated value for her interests in the checks against Long, and BB&T now stands in privity with Long; therefore, Lutz is estopped from relitigating an issue previously adjudicated in a prior proceeding that resulted in a valid, final judgment. (*Id.* at 7.)

In response to BB&T's Plea in Bar, on the issue of double recovery, Lutz argues that she has not recovered any money for her damages resulting from BB&T's actions. (Pl.'s Resp. to Plea in Bar 3.) Lutz argues that she remains jointly and severally liable on the VFC loan; BB&T is not bound by any judgment rendered by Judge Hupp in a case to which it was not a party; it is not clear that Lutz was awarded any particular amount of the negotiated checks in the divorce case; and, regardless, Long has not paid his seventy-five percent of the VFC loan as ordered. (*Id.* at 3–4.) Secondly, on the issue of collateral estoppel, Lutz argues that BB&T is not and has never been in privity with Long (*id.* at 1), and the factual issue to be litigated here, whether BB&T wrongfully negotiated checks written to Lutz without her endorsement or over her forged endorsement, was not actually litigated in the prior divorce proceeding (*id.* at 2).

## A. *Double Recovery*

With regard to the common law doctrine of double recovery, the Supreme Court of Virginia has held that "a party with two valid causes of action is entitled to 'seek compensation in each, [but is], nonetheless, estopped from collecting the full amount [of damages] in the second action if they were partially paid therefor in the first'." *Nizan v. Wells Fargo Bank Minn., N.A.*, 274 Va. 481, 495, 650 S.E.2d 497, 504 (2007) (quoting *Katzenberger v. Bryan*, 206 Va. 78, 85, 141 S.E.2d 671, 676–77 (1965)). As the Court noted in *Katzenberger*, when a prior and subsequent case alleged different injuries against different parties, there may nevertheless have been duplicative elements of the total damages claimed. *Katzenberger*, 206 Va. at 85, 141 S.E.2d at 676–77. If the overlap had been sufficiently shown, the "recovery could have been reduced by the extent of the duplication." *Id.* The current record does not clearly indicate

whether, or to what extent, Lutz's claimed damages replicate those she received in her divorce.

Judge Hupp stated in his Letter Opinion that he was taking the checks at issue into account to equitably distribute the marital property and debt. (Letter Opinion 5–6.) Therefore, it is clearly possible that Lutz has recovered a portion of the value of the checks currently at issue in her conversion action against BB&T. As stated in *Nizan*, however, when a party has two valid causes of action, that party is "entitled to seek compensation in each." *Nizan*, 274 Va. at 495, 650 S.E.2d at 504. Here, BB&T allegedly had an obligation to Lutz that is distinct and separable from Long's obligation, and BB&T was not a party in the divorce proceeding. Lutz is therefore entitled to pursue a cause of action for conversion against BB&T. Whether the doctrine of double recovery prevents Lutz from recovering the "full amount [of damages] in the second action," if BB&T is found liable, is an issue of fact for the jury. *See id.*

## B. *Issue Preclusion*

The defense of issue preclusion, or collateral estoppel, requires the court to establish the preclusive effect of a prior action upon a collateral or subsequent cause of action. "In the subsequent action, the parties to the first action and their privies are precluded from litigating any issue of fact actually litigated and essential to a valid and final personal judgment in the first action." *Bates v. Devers*, 214 Va. 667, 671, 202 S.E.2d 917, 921 (1974). The elements include: (1) the parties to the two proceedings must be the same; (2) the factual issue sought to be litigated in the second proceeding must have been actually litigated in the first; (3) that factual issue must have been actually decided and essential to the judgment in the prior proceeding; and (4) the prior proceeding must have resulted in a valid final judgment against the party to whom the doctrine is sought to be applied. *Ellison v. Commonwealth*, 273 Va. 254, 258–59, 639 S.E.2d 209, 212 (2007).

BB&T's collateral estoppel defense is inapposite because the parties to the two proceedings are not the same, nor are they in privity with one another. BB&T was not a party to the prior proceeding, and Long's interests were not "so identical" as to "represent the same legal right." *State Farm Fire & Cas. Co. v. Mabry*, 255 Va. 286, 289, 497 S.E.2d 844, 846 (1998) (quoting *Nero v. Ferris*, 222 Va. 807, 813, 284 S.E.2d 828, 831 (1981)). Judge Hupp's allocation of marital debt did not change the relationship between Lutz and the bank. Therefore, Lutz did not already

have a full and fair opportunity to litigate the presently contested issue, that of the alleged wrongfully negotiated checks against BB&T.

The Supreme Court of Virginia has held that determining whether two parties are privies demands "a careful examination of the circumstances of each case." *Angstadt v. Atlantic Mut. Ins. Co.*, 249 Va. 444, 447, 457 S.E.2d 86, 87–88 (1995); *Nero*, 222 Va. at 813, 284 S.E.2d at 831. In *Angstadt*, the Court noted that privity, once established, will be dissolved if a subsequent event changes the privies' respective interests. *Id*. In the present case, BB&T's Third-Party Complaint against Long demonstrates that the parties' interests diverge and, indeed, may be adverse.

Along with the four elements of collateral estoppel already set forth, there must also be "mutuality." The mutuality requirement precludes a litigant from invoking collateral estoppel "unless he would have been bound had the litigation of the issue in the prior action reached the opposite result." *Angstadt*, 249 Va. at 447, 457 S.E.2d at 87 (1995). BB&T was not a party to the prior litigation, so would not have been bound by an opposite outcome. *Id*.

Even supposing Long and BB&T were in privity, BB&T's issue preclusion claim would not succeed. In his Letter Opinion, Judge Hupp concluded that Long did not give a "satisfactory accounting as to the disposition of several checks received from the [VPGA]," (Letter Opinion 5), but he did not expressly consider BB&T's third-party liability in the allegedly wrongful negotiation of those instruments. The matter specifically resolved in the divorce was whether Long should bear greater responsibility for marital debt than Lutz. Though Judge Hupp considered the issue when apportioning indebtedness, it does not follow that he would have decided otherwise absent the contested checks. Since the issue of the checks was not obviously essential to the final judgment, it cannot be the basis for collateral estoppel. It is well established that the moving party bears the burden of proving, by a preponderance of the evidence, that the relevant claim or issue is precluded by a prior judgment. *Scales v. Lewis*, 261 Va. 379, 383, 541 S.E.2d 899, 901 (2001). BB&T has not met this burden.

In sum, Lutz's complaint against BB&T was not resolved by the divorce proceeding, and Long and BB&T do not share equivalent legal interests. Whether and to what extent BB&T is liable to Lutz for the allegedly misused funds is an issue for the trier of fact and is not barred by the doctrines of double recovery or collateral estoppel. To conclude otherwise would privilege judicial expedience over the plaintiff's right to

be heard and thereby neglect the equitable foundations of the peremptory plea.

## Conclusion

For the reasons stated above, the Court finds that Lutz is not barred by the doctrines of double recovery or collateral estoppel from pursuing her cause of action for wrongful conversion against BB&T. BB&T's Plea in Bar to the Complaint is therefore denied.