■ N. A. KERSON COMPANY, INC., et al., Appellants-Respondents, v SHAYNE, DACHS, WEISS, KOLBRENNER, LEVY et al., Respondents-Appellants.—In an action, inter alia, to recover damages for legal malpractice, the parties cross-appeal from a money judgment of the Supreme Court, Kings County, entered February 3, 1976, which is in favor of plaintiffs and against defendants, upon a jury verdict. Judgment reversed, on the law, with costs to defendants payable by plaintiffs, and complaint dismissed. The record indicates that this action is merely a collateral means of attacking a stipulation of settlement which has already withstood direct attack (see

*Hannibal Investors Corp. v Kerson Co.,* 34 AD2d 1107). Plaintiffs cannot base an action in malpractice upon the alleged mistakes of counsel prior to settlement since their agreement to the terms of that settlement terminated the litigation (see *Owens v Lombardi,* 41 AD2d 438). Martuscello, J. P., Margett and O'Connor, JJ., concur; Suozzi, J., concurs in the result, with the following memorandum: I concur in the result reached by the majority, which reverses the judgment in favor of plaintiffs Kerson in this action against defendants for legal malpractice and dismisses the complaint. However, I do so for reasons completely different from those stated by the majority. A brief background of this case is in order. The thrust of plaintiffs' (hereafter sometimes referred to as Kerson) complaint against defendants for legal malpractice is that on September 29, 1969 defendant Kaplan, an attorney associated with and employed by the remaining defendants to defend plaintiffs herein in a mortgage foreclosure action, improperly, and without the consent of the plaintiffs, entered into a stipulation with the attorney for the mortgagee in the foreclosure action whereby the second affirmative defense which had been part of Kerson's answer in the foreclosure action was withdrawn. That stipulation reads, in pertinent part, as follows: "IT IS STIPULATED that the aggregate amount of principal unpaid on the three mortgages pleaded in the complaint is $21,853.47, with interest thereon at the rate of six per cent per annûm from April 28, 1965 and *that the second affirmative defense * * * of the answer of the defendants* N. A. KERSON COMPANY, INC., NATHANIEL A. KERSON and RAY LILLIAN KERSON is accordingly withdrawn" (emphasis supplied). The thrust of the Kersons' second affirmative defense in the foreclosure action was that pursuant to an agreement of April 28, 1965 Kerson had been paying certain rent moneys which had been applied to the mortgage indebtedness and that they were, therefore, not in default on the mortgage. Thereafter, the mortgage foreclosure action proceeded to trial. In January, 1970, during the trial, the parties and their attorneys entered into a stipulation of settlement of the foreclosure action which was dictated on the record in open court in the presence of the Trial Justice there presiding. The plaintiffs herein were questioned by the Trial Justice and indicated that they understood the terms of the stipulation of settlement and were entering into it voluntarily. In early April, 1970, they moved to vacate the stipulation of settlement and restore the action to the Trial Calendar on the ground that the attorney for the mortgagee in the foreclosure action had misrepresented certain facts to the Trial Justice during the settlement negotiations in chambers, which had caused Kerson to settle the case. The motion was denied and this court affirmed *(Hannibal Investors Corp. v Kerson Co.,* 34 AD2d 1107). However, it is the position of the plaintiffs herein that their withdrawal of their second affirmative defense in the foreclosure action, pursuant to the stipulation of September 29, 1969, constituted legal malpractice in that it destroyed their position in the foreclosure action. In reversing the judgment in favor of plaintiffs for legal malpractice and dismissing the complaint, the majority takes the position that plaintiffs' cause of action for legal malpractice must fall, as a matter of law, irrespective of its merits, if any, on the ground that (1) the legal malpractice action herein is merely a collateral means of attacking a stipulation of settlement which has already withstood direct attack in the *Hannibal* action and (2) the legal malpractice action herein, based upon the alleged mistakes of counsel prior to the stipulation settlement, is improper since plaintiffs' agreement to that stipulation of settlement terminated the litigation. I do not agree. It is my position that plaintiffs' cause of action against defendants for legal malpractice must

stand or fall on its own merits, and there is no automatic waiver, as a matter of law, of plaintiffs' right to sue defendants for legal malpractice in the handling of the prior foreclosure action, even if Kerson voluntarily agreed to enter into the stipulation of settlement of the foreclosure action in January, 1970 and had known of the September 29, 1969 stipulation, a fact which itself is subject to grave doubt on this record. Nor is my position altered by the fact that Kerson had already unsuccessfully moved to vacate the stipulation of settlement. A review of all of the papers submitted in support of and in opposition to that application, as well as the briefs submitted on the appeal from the order denying that application, indicate that the allegations of legal malpractice contained in the complaint herein were not raised at all in that motion to vacate. Indeed, it would have been futile for Kerson to have raised them in the motion to vacate since they related to acts committed on September 20, 1969, almost four months prior to the execution of the stipulation of settlement in open court before the Trial Justice. The plaintiffs' action against defendants for legal malpractice must stand or fall on its merits. After reviewing the entire record, I have come to the conclusion that plaintiffs utterly failed to establish even a prima facie case of malpractice against defendants. In order to succeed in their malpractice action, plaintiffs were required to prove that the second affirmative defense in the foreclosure action was withdrawn by the defendants herein and that, except for the withdrawal of that defense, plaintiffs would have succeeded in the foreclosure action. The jury "must", as the Trial Justice put it, "in effect decide a lawsuit within a lawsuit". Except for the evidence of its withdrawal, the record is completely barren of any evidence for the jury to consider as to the validity of the second defense. Therefore, in my view, this malpractice action was subject to dismissal at the close of the plaintiffs' case for failure to establish a prima facie case. Accordingly, I concur with the majority as to the result and vote to reverse the judgment and dismiss the complaint.