OPINION OF THE COURT
Edward J. Greenfield, J.
Defendants move for an order granting them summary judgment in this action for attorneys’ malpractice and for dismissal of the complaint. The complaint alleges that the defendants were retained by written agreement on March 15, 1974 and April 5, 1974, to prepare and try a contract action by plaintiff against the Zale Corporation in the United States District Court for the Southern District of New York, which was an action for commissions. The action was settled during trial on May 8, 1975, with plaintiff agreeing to accept the sum of $45,000 in settlement plus additional sums previously received aggregating some $64,000. The action was thereupon discontinued and plaintiff executed a general release to the Zale Corporation. On May 30, 1975, plaintiff received and deposited his share of the settlement.
Plaintiff now contends that his agreement to this settlement had been coerced and that had it not been for the malpractice *66 of the defendants in their handling of his case, he would have recovered $5,000,000. Because of the alleged wrongful acts of the defendants, plaintiff now claims treble damages and asks for a recovery of $15,000,000.
Defendants take the position that plaintiff, having voluntarily entered into the settlement with Zale, cannot now proceed in a malpractice action which is, in effect, a collateral attempt to go behind the previous settlement. Defendants insist that this action cannot go forward so long as the settlement in the Federal court remains unchallenged and plaintiff retains the fruits of that settlement. In making such contentions, defendants misconceive the nature of the action. Plaintiff does not now seek to undo the settlement made with the third party. His execution of the release and retention of the proceeds of the settlement do, indeed, constitute ratification of that settlement as to the third party. What plaintiff claims here, however, is that the settlement with Zale, concededly binding upon him, was improvidently made because of the attorneys’ malpractice. That could be a conceivable basis for a valid action. The fact that the Zale case has been irrevocably terminated does not, in and of itself, preclude a malpractice claim. To the extent that the Appellate Division of another department has held that an action in malpractice cannot be based upon alleged mistakes of counsel prior to settlement, since agreement to the terms of the settlement terminated the litigation (Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy, 59 AD2d 551), this court must respectfully disagree. In many, if not most instances involving an alleged malpractice by attorneys, the underlying litigation has been terminated — by allowing the Statute of Limitations to lapse, by suffering a default or dismissal and the like. Often it is the very fact of termination of the action which gives rise to the claim for malpractice. Where the termination is by settlement rather than by a dismissal or adverse judgment, malpractice by the attorney is more difficult to establish, but a cause of action can be made out if it is shown that assent by the client to the settlement was compelled because prior misfeasance or nonfeasance by the attorneys left no other recourse. Thus, the court finds itself in agreement with the concurring opinion by Mr. Justice Suozzi in the Kerson case (supra), that the cause of action for legal malpractice must stand or fall on its own merits, with no automatic waiver of a plaintiff’s right to sue for malpractice merely because plaintiff had voluntarily agreed to enter into a stipulation of settlement.
*67 However, as in the Kerson case, I am compelled to conclude that the plaintiff makes out no prima facie case of malpractice against the defendants on the merits. Plaintiff sued on the basis of a 1968 letter agreement with the Zale Corporation which provided that commissions would be paid to him "as a result of purchases of diamonds from Russia that are a result of your efforts on our behalf’. Plaintiff was paid commissions pursuant thereto, but on November 18, 1971, the Zale Corporation, in writing, terminated the prior agreement. Plaintiff’s claim against Zale was based upon the contention that he had a continued right to commissions thereafter, and on into the indefinite future, because he had made the initial contact, and all purchases by the Zale Corporation thereafter would have been as a result of his efforts.
During the course of the trial, defendants informed plaintiff that Zale had offered $50,000 in settlement of the case. Plaintiff stated in writing that he would not accept such a settlement and the Trial Judge indicated his unwillingness to permit any claims for commissions even as far as May, 1975. When informed further as to the prospects of losing the case altogether, plaintiff thereafter accepted the offer. That does not spell out a case of coercion. Recognition of the inevitable is not tantamount to duress. In announcing the settlement to the jury, the trial court made the following observation: "And one of the obvious problems that, fortunately we were going to leave with you, because I would have had too much trouble with it, was figuring out just how you decide what is a result of efforts made in 1968 and '69. Do they really extend into the year 2000 or do they stop at the year '74 or where. I am sure you would have reached a wise and reasonable judgment about that, and all I am saying is that balancing all the risks and uncertainties, and difficulties, I believe this is one case where counsel have made a constructive contribution to their clients and to the effecting of a just result by settling rather than carrying it all the way.”
While plaintiff contends that the settlement never should have been made, he has wholly failed, in the papers before the court on this motion, to make any showing that the settlement was improvident or was reluctantly agreed to by him because the previous actions by his attorneys left him no alternative. He contends that it was only when, 10 months after the settlement, he read the transcript, that he realized that the attorneys had not properly prepared the case for trial *68 and that they had been subjected by the trial court to some criticism because of alleged laxity and dilatory tactics. Even if such remarks and criticisms were made out of his hearing, there is no showing whatever that these occasions of criticism had any effect on the outcome of the case. It does not appear that the case was settled because of any lack of preparation or for failure to call in necessary witnesses. Rather, it is apparent the matter was settled because of the unclear terms of the letter agreement, drawn without the assistance of attorneys, which had been terminated in 1971.
Before a plaintiff can succeed in an action for legal malpractice, he must be able to demonstrate that if not for the alleged acts of malpractice, he would have been able to recover or proceed in a manner other than that which actually eventuated. Plaintiff has not made even the scantiest showing that the value of his claim, prior to the alleged "improvident and coerced” settlement exceeded $45,000. Indeed, there appears to be a strong possibility that his case might have been dismissed entirely. Given all the facts and circumstances, there is no showing that any failings of preparation affected the ultimate result, nor is it demonstrated that it would have made any difference whether one trial counsel or another handled the case. While eminent trial counsel may have an appreciable impact in a close case, he cannot alter the underlying facts or change the law. This appears to be such a case, where the efforts of counsel would not have altered the plaintiff’s basic position.
While it is understandable that a plaintiff with hopes for a recovery of millions who settles for thousands would be disappointed, that does not mean that the appropriate target for his disappointment must be the attorneys who handled his case. As a matter of policy, cases once settled should not be readily relitigated as to their merits in another forum, where the original defendant has been released and the plaintiff’s original attorneys have become the defendants. Under those circumstances, the burden must be on the plaintiff seeking such a recovery to demonstrate by evidence rather than by conclusory allegations, that he indeed suffered substantial financial loss because of misdeeds by his attorneys and not by second guessing as to their judgment.
This record being devoid of any evidence that defendants’ misconduct affected the outcome of the prior litigation to *69 plaintiffs detriment, the motion for summary judgment must be granted.