■ MAUREEN ROGERS et al., Appellants, v DANIEL K. ETTINGER et al., Respondents.—Order of the Supreme Court, Westchester County (John C. Marbach, J.), entered on December 22, 1988, granting defendant Rivera's motion and defendant Ettinger's cross motion, pursuant to CPLR 3211 (c), for

summary judgment dismissing the complaint, unanimously affirmed, without costs; judgment of said court entered on January 20, 1989, awarding defendant Ettinger judgment on said order, unanimously affirmed, without costs; and judgment of said court, entered on January 24, 1989, awarding defendant Rivera judgment on said order, unanimously affirmed, without costs.

In this legal malpractice action, plaintiffs alleged that defendants had improperly settled plaintiff Rogers' Family Court matter for child support, against the wishes of plaintiff D'Agostino, who had represented Rogers in the paternity matter against the child's father. Contrary to the claim raised by plaintiffs on appeal, the court below did not rely entirely upon the stipulated settlement in the action handled by defendants as a basis for concluding that plaintiffs had failed to demonstrate a prima facie case of legal malpractice.

Recognizing that, in such an action, a client cannot recover against an errant attorney without demonstrating that it would otherwise have succeeded on the merits *(Servidone Constr. Corp. v Security Ins. Co.,* 64 NY2d 419, 425), we conclude that the court below properly found that plaintiffs had failed to demonstrate a prima facie case. The court's ruling was not solely dependent upon the fact that plaintiff Rogers had voluntarily entered into the stipulated settlement. Plaintiffs are correct that this would have been a breach of the holding in *Kerson Co. v Shayne, Dachs, Weiss, Kolbrenner, Levy* (59 AD2d 551, *affd* 45 NY2d 730 *on concurring opn at* 59 AD2d, *supra,* at 552-553). It was based upon the fact that plaintiffs' opposition to the motion and cross motion for summary judgment completely failed to demonstrate a triable issue as to whether the settlement entered into was improvident or that Rogers would have been entitled to a more beneficial settlement, but for defendants' misconduct. *(Servidone Constr. Corp. v Security Ins. Co., supra; Becker v Julien, Blitz & Schlesinger,* 95 Misc 2d 64, 67.) Concur—Murphy, P. J., Milonas, Kassal and Wallach, JJ.