CATHERINE L. FOX, Plaintiff-Appellant, v. MELVYN BERKS *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—01—0558

Opinion filed August 19, 2002.—Rehearing denied November 21, 2002.

Donald L. Johnson and Joseph T. Gentleman, both of Chicago, for appellant.

George W. Spellmire and Lisa M. Sommer, both of D'Ancona & Pflaum, L.L.C., of Chicago, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Catherine Fox, brought this action against defendants Melvyn Berks, Scott Colky, and Berks and Colky, Ltd., seeking recovery for legal malpractice. Plaintiff alleges that she incurred damages as a result of negligent legal representation rendered by defendants in plaintiff's dissolution action against her former husband. In her complaint, plaintiff alleged that defendants were negligent in (a) failing to fully investigate and discover the nature and extent of the parties' marital property, (b) failing to prevent plaintiff's former husband from concealing and/or dissipating marital assets, (c) failing to enforce an injunction entered against her former husband, and (d) failing to prevent the dissolution judgment from being amended to her former husband's benefit. Plaintiff further alleged that due to the legal malpractice of the defendants, she did not obtain the share of the marital profits she would have obtained had the defendants not been negligent.

Plaintiff retained the defendants to represent her in her dissolution of marriage proceedings in October 1991. In January of 1993, after a trial, a judgment for dissolution was entered. The court made specific rulings as to what constituted marital assets and awarded plaintiff more than $1.6 million in marital assets plus maintenance and child support. On January 22, 1993, the judgment was modified in part and a motion for reconsideration and for a new trial was denied. Posttrial motions filed by plaintiff's former husband claiming that he could not meet the obligations of the judgment for dissolution because his businesses were suffering financial distress were denied.

On February 26, 1993, defendants withdrew as plaintiff's attorneys. Thereafter, plaintiff was represented by other counsel through postdecree proceedings and appeals. The proceedings were ultimately resolved on August 9, 1994, via a settlement of $1.35 million. Plaintiff settled for an amount less than the $1.6 million awarded to her in the January 1993 judgment for dissolution.

In granting summary judgment, the trial court determined that plaintiff could not establish the required elements of a professional negligence claim. The trial court found that the plaintiff could not establish damages because she voluntarily settled for less than the judgment obtained for her by the defendants, and if the settlement was compelled, it was compelled by her former husband's refusal to comply with the judgment, not by any negligence of the defendants.

## DISCUSSION

■ In a legal malpractice action, a plaintiff must prove the existence of an attorney-client relationship; a duty arising from that relationship; a proximate causal relationship between the breach of duty and damages sustained; and actual damages. *Adams v. Sussman & Hertzberg*, 292 Ill. App. 3d 30, 32-33, 684 N.E.2d 935, 938 (1997). Damages are not presumed; the plaintiff must affirmatively plead and prove that she suffered injury as a result of the attorney's malpractice. *Glass v. Pitler*, 276 Ill. App. 3d 344, 657 N.E.2d 1075 (1995). The malpractice plaintiff is required to prove a case within a case, that is, the plaintiff is required to prove the underlying action and what his recovery would have been in that prior action absent the alleged malpractice. *Glass*, 276 Ill. App. 3d 344, 657 N.E.2d 1075.

Here, plaintiff's allegations of professional negligence were predicated upon assertions that defendants failed to perform adequate discovery of the businesses of her former husband. Plaintiff alleged that she alerted defendants of her concerns that her husband was attempting to transfer accounts of his businesses in order to conceal their true value. Plaintiff asserts that certain marital assets were discovered in postjudgment proceedings and that the failure to discover these assets before the dissolution judgment damaged plaintiff to the extent of at least her share of $1.7 million.

Plaintiff further alleges that she suffered damages when she settled for less than her January 1993 judgment. Plaintiff asserts that her former husband failed to comply with the January 1993 judgment and that "as a proximate cause of defendant's [*sic*] negligence," she settled for less than that to which she was entitled. Plaintiff further asserts that she was damaged in that certain portions of the judgment her former husband failed to perform, he is now not required to perform under the settlement.

Defendants assert that the plaintiff is precluded from recovery in this action because she settled the underlying case for less than she was awarded in the 1993 judgment. Defendants contend that at the time they were discharged from representing the plaintiff, she had a valid and enforceable judgment for approximately $1.9 million. Defendants maintain that because the plaintiff settled for less than that amount, she cannot recover from defendants.

We agree.

The plaintiff relies upon this court's ruling in *McCarthy v. Pedersen & Houpt*, 250 Ill. App. 3d 166, 621 N.E.2d 97 (1993), to support her contention that the settlement of the underlying case does not automatically bar her malpractice action against the attorneys who represented her in that action. In *McCarthy*, the plaintiff was

represented by defendant attorneys in a commercial litigation matter. The underlying case went to trial; however, before the jury returned a verdict, the plaintiff agreed to settle the case. The plaintiff had an independent attorney review the settlement agreement and then he executed the settlement agreement. Thereafter, he filed a claim asserting attorney malpractice against the attorneys who represented him in the underlying lawsuit. This court determined that the plaintiff's malpractice claim was not automatically barred by the settlement of the underlying matter. This court reasoned that, in that case, a dispute existed as to whether the attorneys were negligent in their handling of the underlying case and whether the plaintiff was damaged by such negligence. The *McCarthy* court determined that "only a trial on the merits can fully and fairly resolve the issue of whether an attorney is liable for malpractice despite the fact that the underlying case was settled." 250 Ill. App. 3d at 172, 621 N.E.2d at 101.

■ In the case at bar, however, the plaintiff cannot prove she was damaged. Here, the plaintiff had a valid and enforceable judgment for more than $1.6 million and she settled for less than that amount. The plaintiff in *McCarthy* did not have a judgment in the underlying matter; thus, the court determined that a trial was necessary to determine whether or not the plaintiff was damaged by the negligence of the attorneys. Here, plaintiff had a valid judgment and she settled for less than what the defendants had originally obtained for her. Thus, the plaintiff cannot prove that she was damaged by any negligence of the defendants because she cannot prove that, even if a larger judgment had been obtained by the defendants, she would have been able to enforce that judgment.

Furthermore, the plaintiff asserts that somehow the defendants were responsible for her inability to compel her former husband to comply with the 1993 judgment. The defendants were discharged shortly after obtaining the 1993 judgment for the plaintiff. Thus, we fail to see how the plaintiff can prove that the defendants were liable for her former husband's refusal to comply with the judgment. The plaintiff herself alleged that her former husband failed to comply with the 1993 judgment. We agree with the trial court that if plaintiff's settlement was compelled, it was compelled by her former husband's refusal to comply with the judgment, not by any negligence of the defendants.

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

COHEN, P.J., and McNULTY, J., concur.