2024 IL App (2d) 230308-U
No. 2-23-0308
Order filed September 3, 2024

**NOTICE:** This order was filed under Supreme Court Rule 23(b) and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

| | | |
|---|---|---|
| LAURA ANDERSON, | ) | Appeal from the Circuit Court |
| | ) | of Kane County. |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 23-LA-73 |
| | ) | |
| LAW OFFICES OF BENEDICT SCHWARZ, | ) | |
| II, P.C., and BENEDICT SCHWARZ, II, | ) | Honorable |
| | ) | Kevin T. Busch, |
| Defendants-Appellees. | ) | Judge, Presiding. |

JUSTICE SCHOSTOK delivered the judgment of the court.
Presiding Justice McLaren and Justice Mullen concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court erred in dismissing the plaintiff's complaint for legal malpractice.

¶ 2    The plaintiff, Laura Anderson, appeals from the judgment of the circuit court of Kane County dismissing her legal malpractice action against the defendants, Law Offices of Benedict Schwarz, II, P.C., and Benedict Schwarz, II.  We reverse and remand for additional proceedings.

¶ 3                                I. BACKGROUND

¶ 4    In 2018, the plaintiff filed a petition to divorce her husband, John Wittenstrom.  She hired the defendants to represent her in the divorce proceedings.  The defendants withdrew from

representing her on May 5, 2020, and subsequent counsel began representing her two days later. On February 24, 2021, the plaintiff entered into a marital settlement agreement with the assistance of subsequent counsel. On January 28, 2022, the divorce proceedings concluded.

¶ 5    On February 22, 2023, the plaintiff filed a legal malpractice action against the defendants. She alleged that the defendants failed to take appropriate measures to freeze or maintain accounts that she owned with her husband.[1] Because the assets were not frozen, her husband was able to sell five homes, five land parcels, an office, and an apartment building, most below appraised or market value. She asserted that the defendants knew of her husband's liquidation and dissipation of marital assets but did not take adequate steps to prevent those losses. As a result of the defendants' negligence, she alleged that she had to settle the underlying matter prematurely in order to keep her marital home and not be evicted. She further alleged that she lost money, all alimony, all her retirement, all her businesses, all her health insurance, and was left six figures in debt, with a home that needed major repairs.

¶ 6    On June 20, 2023, the defendants filed a motion to dismiss the complaint pursuant to 2-615 of the Code of Civil Procedure (735 ILCS 5/2-615 (West 2022)). The defendants argued that the plaintiff had failed to allege how they deviated from the standard of care. The defendants also noted that they had represented the plaintiff during her divorce proceedings only for a limited period as co-counsel.

¶ 7    On August 24, 2023, following a hearing, the trial court dismissed the plaintiff's complaint with prejudice. The trial court stated that none of the plaintiff's allegations in her complaint

---

[1]The complaint refers to her "business partner," but the plaintiff later acknowledged that her "business partner" was in fact her husband.

suggested that the defendants were incompetent. The trial court found that the defendants' early withdrawal was relevant because the subsequent law firm had months to preserve any of the plaintiff's claims. The trial court also noted that an agreed order was entered into between the parties on July 2, 2020, regarding attorney fees. The trial court explained that any malpractice claim should have been brought at the time the defendants brought a claim for fees in the underlying divorce action.

¶ 8    Following the trial court's ruling, the plaintiff filed a timely notice of appeal.

¶ 9                                II. ANALYSIS

¶ 10    A motion to dismiss for failure to state a cause of action pursuant to section 2-615 attacks "the legal sufficiency of a complaint based on defects apparent on its face." *Pooh–Bah Enterprises, Inc. v. County of Cook*, 232 Ill. 2d 463, 473 (2009). A circuit court should grant a section 2–615 motion to dismiss only if it is clearly apparent that no set of facts can be proved that would entitle the plaintiff to relief. *Nelson v. Quarles & Brady, LLP*, 2013 IL App (1st) 123122, ¶ 27. At this pleading stage, a plaintiff is not required to prove his case and need only allege sufficient facts to state all elements of the cause of action. *Fox v. Seiden*, 382 Ill. App. 3d 288, 294 (2008). When reviewing a section 2-615 motion, we accept as true "[a]ll well-pleaded facts and reasonable inferences that can be drawn from those facts." *Tuite v. Corbitt*, 224 Ill. 2d 490, 509 (2006). We also interpret the allegations in the complaint in the light most favorable to the plaintiff. *Simpkins v. CSX Transportation, Inc.*, 2012 IL 110662, ¶ 13. Our review of the circuit court's order granting a section 2-615 motion to dismiss is *de novo*. *Id.*

¶ 11    "To state a cause of action for legal malpractice, the plaintiff must allege facts to establish (1) the defendant attorney owed the plaintiff client a duty of due care arising from an attorney-client relationship, (2) the attorney breached that duty, (3) the client suffered an injury in the form

of actual damages, and (4) the actual damages resulted as a proximate cause of the breach." *Fox*, 382 Ill. App. 3d at 294. A legal malpractice suit is by its nature dependent upon a predicate lawsuit. *Claire Associates v. Pontikes*, 151 Ill. App. 3d 116, 122 (1986). Thus, a legal malpractice claim presents a "case within a case." *Id.* "[N]o malpractice exists unless counsel's negligence has resulted in the loss of an underlying cause of action, or the loss of a meritorious defense if the attorney was defending in the underlying suit." *Id.*

¶ 12    Here, the trial court erred in dismissing the plaintiff's complaint. The plaintiff set forth all of the elements of a legal malpractice claim. She alleged that she hired the defendants to represent her in her marriage dissolution proceedings. She alleged that the defendants breached their duty to her by not freezing her husband's assets so as to prevent him from diminishing the marital estate. She further alleged that due to the defendants' breach of their duty, she suffered damages due to a diminished marital estate and because she had to accept a marital settlement agreement "prematurely" in order to keep her marital home. Despite the defendants' insistence to the contrary, the plaintiff's allegations included enough specificity for them to prepare a defense. See *Santelli v. City of Chicago*, 222 Ill. App. 3d 862, 870 (1991) (complaint must give sufficient information to the opponent and to the court of the character of evidence to be introduced or of the issues to be tried).

¶ 13    In dismissing the complaint, the trial court placed significant weight on the fact that a new attorney represented the plaintiff before she signed the marital settlement agreement. The trial court explained that the new attorney had months to preserve the plaintiff's claims. The defendants echo this argument on appeal, arguing that because they did not represent the plaintiff at the conclusion of her divorce proceedings, she cannot establish proximate cause.

¶ 14    Our courts have previously considered and rejected similar arguments.    See *Webb v. Damisch*, 362 Ill. App. 3d 1032, 1042 (2005) (settlement by successor counsel does not necessarily bar a malpractice action against prior counsel); see also *McCarthy v. Pedersen & Houpt*, 250 Ill. App. 3d 166, 172 (1993).    In *McCarthy*, the appellate court was asked to answer a certified question of "whether the settlement of a lawsuit by a plaintiff *** precludes a subsequent complaint against trial counsel for malpractice."    250 Ill. App. 3d at 166.    The appellate court answered the question in the negative.    *Id.* at 172.    In reviewing foreign authorities, the appellate court found particularly persuasive the reasoning of a New York court, which held:

> " 'Where the termination [of litigation] is by settlement rather than by dismissal or adverse judgment, malpractice by the attorney is more difficult to establish, but a cause of action can be made out if it is shown that assent by the client to the settlement was compelled because prior misfeasance or nonfeasance by the attorneys left no other recourse.    ***  [T]he cause of action for legal malpractice must stand or fall on its own merits, with no automatic waiver of a plaintiff's right to sue for malpractice merely because plaintiff had voluntarily agreed to enter into a stipulation of settlement.' "    *Id.* at 169, *quoting Becker v. Julien, Blitz & Schlesinger, PC*, 406 N.Y.S. 2d 412, 413-14 (1977), *modified on other grounds*, 411 N.Y.S 2d 17 (1978).

¶ 15    The plaintiff's complaint falls fully within the strictures of *Webb* and *McCarthy*.    As in those cases, the plaintiff is alleging that she had to settle for a lesser amount than she would have received absent the defendants' malpractice.    See *Webb*, 362 Ill. App. 3d at 1042 (2005) (an attorney malpractice action should be allowed where the plaintiff can show that he settled for a lesser amount than he could reasonably expect without the malpractice).    Although the defendants dispute those claims, the complaint raises factual questions that are improper to resolve on a motion

to dismiss. *Reynolds v. Jimmy John's Enterprises, LLC*, 2013 IL App (4th) 120139, ¶53 (motion to dismiss "is not a shortcut to resolve factual issues about the veracity of plaintiff's essential allegations").

¶ 16                                        III.  CONCLUSION

¶ 17     For the foregoing reasons, the judgment of the circuit court of Kane County is reversed and remanded for additional proceedings.

¶ 18     Reversed and remanded.